IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. WEBB and THOMAS DIXON | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _4:02cv5_ |
| CAI WIRELESS SYSTEMS, INC., and CS WIRELESS SYSTEMS, INC., | § § | |
| Defendants. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants CAI Wireless Systems, Inc. ("CAI") and CS Wireless Systems, Inc. ("CS"), collectively referred to as "Defendants," file this Notice of Removal of the action filed in the 199th Judicial District Court, Collin County, Texas captioned *David E. Webb and Thomas Dixon v. CAI Wireless Systems, Inc. and CS Wireless Systems, Inc.*, Cause No. 199-0241801 (the "State Court Litigation"), pursuant to 28 U.S.C. sections 1332(a) and 1446. In support of removal, Defendants state as follows:

### Basis for Removal

1.      This civil action is a case over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. section 1332(a), and it is properly removed to this Court pursuant to 28 U.S.C. section 1441(a).

2.      Plaintiffs David E. Webb ("Webb") and Thomas Dixon ("Dixon"), collectively referred to as "Plaintiffs," commenced the State Court Litigation by filing their Original Petition (the

"Petition") in the 199th Judicial District Court of Collin County, Texas on November 21, 2001. In the Petition, Plaintiffs seek damages for an alleged breach of contract, fraud, and negligent misrepresentation.

3.      CAI was served with the Petition through the Texas Secretary of State on December 5, 2001. CS was served with the Petition through its registered agent for service in Texas on December 7, 2001. The Petition was the first notice that Defendants received regarding the filing of this suit. This Notice of Removal is timely because it is filed within thirty days after service of the Petition.

4.      Defendants filed an answer in the State Court Litigation ("Defendants' Answer") prior to filing this Notice of Removal. Plaintiffs also filed returns of service. No other pleadings, process, orders, or motions have been filed and no other proceedings have been had in the State Court Litigation.

5.      Pursuant to Local Rule 81(c)(1)-(5), the following are attached to this notice as Exhibits:

> Exhibit A - a list of all parties and current case status;
>
> Exhibit B - a certified copy of the state court docket sheet;
>
> Exhibit C - the Petition;
>
> Exhibit D - Defendants' Original Answer;
>
> Exhibit E – Process served on Defendants;
>
> Exhibit F - a complete list of attorneys;
>
> Exhibit G - a record of which parties have requested trial by jury; and

Exhibit H. - a notice of the name and address of the court from which this case is

being removed.

Defendants are also submitting a Civil Cover Sheet to the Clerk.

### The Court Has Jurisdiction Based On Diversity Of Citizenship

6.      Defendants are informed and believe that, both at the time suit was filed and currently,

Webb was and is a citizen of the State of Texas. *See* Petition at 1.

7.      Defendants are informed and believe that, both at the time suit was filed and currently,

Dixon was and is a citizen of the State of Colorado. *See* Petition at 1.

8.      CAI was at the time suit was filed, and is currently, a Connecticut corporation with

its principal place of business in Mississippi.  Accordingly, CAI is a citizen of the states of

Connecticut and Mississippi pursuant to 28 U.S.C. section 1332(c)(1).

9.      CS was at the time suit was filed, and is currently, a Delaware corporation with its

principal place of business in Mississippi.  Accordingly, CS is a citizen of the states of Delaware and

Mississippi pursuant to 28 U.S.C. section 1332(c)(1).

10.     Based on the allegations in the Petition, more than $75,000 is in controversy in this

action, exclusive of interest and costs.  While the Petition does not allege a specific amount of

damages, it does allege that Defendants damaged Webb and Dixon by causing Webb to forego

200,000 CS shares at an exercise price of $6.50 per share and causing Dixon to forego 93,000 CS

shares at exercise prices of $6.50 and $9.40 per share (*see* Petition at 4), which they allege should

have been converted to CAI stock at an exercise price of 87.5 cents (*See* Petition at 7).  Further,

Webb and Dixon allege that CAI stock was purchased by WorldCom in April 1999 for $28.00 a

share. (*See* Petition at 9).  Therefore, the amount in controversy in this action exceeds $75,000.  *See e.g. Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995) ("When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]. ... A removing attorney may support federal jurisdiction by setting forth the *facts* in controversy -- preferably in the removal petition, but sometimes by affidavit -- that support a finding of the requisite amount.").

11.     Pursuant to 28 U.S.C. section 1446, a copy of this Notice of Removal is simultaneously being filed with the District Clerk of Collin County, Texas with respect to the State Court Litigation.  By serving a copy of this Notice of Removal upon all counsel of record, Defendants are properly giving notice to all adverse parties of this removal.

WHEREFORE, Defendants request that this action be removed to this Court, that this Court accept jurisdiction over this action, and that this action be entered on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Respectfully submitted,

John C. Eichman
State Bar No. 06494800
Ellen B. Sessions
State Bar No. 00796282
Maryann Landrigan
State Bar No. 24026978

**JENKENS & GILCHRIST**
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, TX  75202
214/855-4500
214/855-4300 FAX

ATTORNEYS FOR DEFENDANTS
CAI WIRELESS SYSTEMS, INC. and
CS WIRELESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Notice of Removal has been served upon Plaintiffs' counsel of record via certified mail, return receipt requested, on this 3rd day of January 2002, as follows:

Joe W. Redden, Jr.
Beck, Redden & Secrest
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. WEBB and<br>THOMAS DIXON<br><br>Plaintiffs,<br><br>v.<br><br>CAI WIRELESS SYSTEMS, INC., and<br>CS WIRELESS SYSTEMS, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## LIST OF ALL PARTIES AND CURRENT CASE STATUS
## PURSUANT TO LOCAL RULE CV-81(c)(1)

This case is currently pending.

Below is a list of the parties:

Plaintiff, David E. Webb

Plaintiff, Thomas Dixon

Defendant, CAI Wireless Systems, Inc.

Defendant, CS Wireless Systems, Inc.

Ex A

Respectfully submitted,

John C. Eichman
State Bar No. 06494800
Ellen B. Sessions
State Bar No. 00796282
Maryann Landrigan
State Bar No. 24026978

**JENKENS & GILCHRIST**
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, TX  75202
214/855-4500
214/855-4300 FAX

ATTORNEYS FOR DEFENDANTS
CAI WIRELESS SYSTEMS, INC. and
CS WIRELESS SYSTEMS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiffs' counsel of record via certified mail, return receipt requested, on this 3rd day of January 2002, as follows:

Joe W. Redden, Jr.
Beck, Redden & Secrest
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010

<u>LIST OF ALL PARTIES AND CURRENT CASE STATUS PURSUANT TO LOCAL RULE CV-81(C)(1)</u> **- Page 2**
DALLAS3 752901v1 46943-00135

NO. 199 02418 01

| | | |
|---|---|---|
| DAVID E. WEBB and, | § | IN THE DISTRICT COURT OF |
| THOMAS DIXON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | COLLIN COUNTY, TEXAS |
| | § | |
| CAI WIRELESS SYTEMS, INC., and | § | |
| CS WIRELESS SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | 199 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs DAVID E. WEBB and THOMAS DIXON file this Original Petition against Defendants CAI WIRELESS SYSTEMS, INC., and CS WIRELESS SYSTEMS, INC., and in support thereof, would respectfully show the Court as follows:

### DISCOVERY LEVEL 2

1.    Discovery is intended to be conducted under Level 2 of TEX. RULE CIV. P. 190.

### PARTIES

2.    Plaintiff DAVID E. WEBB ("WEBB") is an individual residing in Collin County, Texas.

3.    Plaintiff THOMAS DIXON ("DIXON") is an individual residing in Larimer County, Colorado.

4.    Defendant CAI WIRELESS SYSTEMS, INC. ("CAI"), is a foreign corporation duly formed and existing under the laws of the State of Connecticut. At all times material to this action, CAI engaged in business in Texas by committing torts in Texas, as more particularly described below. CAI does not maintain a place of regular business in Texas and

01 NOV 21 PH 9: 57

999.00000/169846.01

COLLIN COUNTY, TEXAS
BY _____ DEPUTY

Ex B

has no designated agent on whom service of citation may be made in this case. The causes of action asserted against CAI arose from purposeful acts of CAI in Texas in that CAI committed fraud against WEBB and DIXON by statements made to them in Texas. Accordingly, CAI may be cited by serving the Secretary of State of Texas provided that the citation and petition are forwarded to its office address, CAI Wireless Systems, Inc., 18 Corporate Woods Blvd., Albany, New York 12211, by certified mail, return receipt requested.

5. Defendant CS WIRELESS SYSTEMS, INC. ("CS"), is a Delaware corporation authorized to do business in Texas, with its principal place of business and principal office in Texas at 1101 Summit Avenue, Plano, Collin County, Texas. CS may cited by serving its registered agent, National Registered Agents, Inc., 905 Congress Avenue, Austin, TX 78701.

## VENUE AND JURISDICTION

6. Venue is proper in Collin County under Chapter 15, TEX. CIV. PRAC. & REM. CODE. The amount in controversy is within the jurisdictional limits of this Court.

## FACTS

7. In or about 1983, the Federal Communications Commission ("FCC") established Multipoint Distribution Services or Multipoint Multichannel Distribution Services (collectively "MMDS"), using a newly available fixed wireless technology for high-speed video, data, and voice communications, to share a particular portion of the frequency spectrum with Instructional Television Fixed Service. It was originally conceived that MMDS would be used for single direction delivery of cable television signals. Beginning in 1986, WEBB and a colleague formed a business that began to accumulate licenses for MMDS and other pioneering communications services issued by the FCC. As a consequence, WEBB made repeated presentations to the FCC advocating applications for MMDS service authority.

2

8.    DIXON began to invest in certain aspects of this enterprise with WEBB and his colleague in the late 1980's.  In the early 1990's, DIXON developed a cable television system in Louisiana for this enterprise.    In 1993, DIXON became Senior Vice President for Operations for the entire enterprise.

9.    In 1994, this business was taken public as Heartland Wireless Communications Systems, Inc. ("Heartland").  The primary mission of Heartland was to develop mid-market communications businesses and accumulate licenses through acquisitions of other companies. For Heartland, WEBB and DIXON worked strenuously to secure FCC authorization for expanded MMDS service and to work with telephone companies to develop the technology and potential markets for MMDS telephone services.

10.    Through its acquisitions, Heartland acquired MMDS licenses in several major metropolitan markets that were outside its core operations.  CAI had also accumulated MMDS licenses in other major metropolitan markets that it wished to divest.  CAI and Heartland, therefore, agreed to use CS to consolidate certain of the major metropolitan MMDS licenses that each company had acquired in central states like Ohio, Utah, and Texas.  In February 1996, CAI acquired a majority of the stock of CS, and Heartland acquired a significant minority position in the stock of CS and contributed those licenses to CS.  CS established its headquarters and primary operations in Collin County.  DIXON became Senior Vice President of Operations for CS.  WEBB ultimately became President and Chief Executive Officer of CS. The Chairman of the Board of Directors and CEO of CAI, Jared Abbruzzese, became Chairman of the Board of CS.  In all subsequent dealings with WEBB and DIXON recounted below, therefore, Abbruzzese acted on behalf of, and with authority from, both CS and CAI.

3

11.    CAI, Heartland, and CS all depended significantly on financing the development of their targeted businesses, including MMDS, through issuance of corporate bonds. WEBB worked personally to arrange significant debt financing for CS. Merrill Lynch Global Asset Allocation Fund ("Merrill Lynch"), became a major holder of the corporate bonds of CAI and CS and other corporations in the MMDS fixed wireless business.

12.    After passage of the Telecommunications Act of 1996 by the United States Congress opened up competition in local telephone markets, the potential FCC authorization of two-way service over the MMDS spectrum became very important. The MMDS technology enables potential replication of certain local telephone services without laying copper or fiber optic cable. WEBB and DIXON worked strenuously on the collective behalf of CS, CAI, and Heartland to secure FCC authorization for two-way and other expanded service on MMDS channels. In addition, WEBB and DIXON worked with telephone companies to develop approaches to MMDS telephone technology and marketing.

13.    In 1997, WEBB and DIXON each executed a formal employment agreement whereby WEBB and DIXON were granted options to purchase CS stock. WEBB was granted 200,000 shares of the stock of CS at an exercise price of $6.50 per share. DIXON was granted options to purchase approximately 93,000 shares of the stock of CS at exercise prices of $6.50 and $9.40 per share.

14.    CAI, Heartland and other businesses attempting to develop MMDS technology and markets began to default on their bonds and sought to restructure their outstanding public debt. Merrill Lynch came under intense criticism and scrutiny as a result of its widespread bond holdings in the industry. CAI and Heartland restructured under Chapter 11 of the U.S. Bankruptcy Code in 1998. In the process, long distance carrier Sprint Communications

4

("Sprint") made an unsolicited but ultimately unsuccessful attempt to take over CAI.  Under the terms of the CAI prepackaged Chapter 11 reorganization plan, Merrill Lynch obtained a sizeable interest in the stock of CAI.  After the CAI restructuring but prior to the filing of the Heartland Chapter 11 petition, CAI in turn acquired Heartland's CS stock.

15.     By contrast to CAI, Heartland, and others in the industry, CS still had sufficient cash to continue operations, and WEBB and DIXON continued to work with telephone companies to develop the business of CS.  CAI told WEBB and DIXON, however, that it had decided as a strategic matter to use Chapter 11 to restructure the public debt of CS.  Merrill Lynch was openly looking for a transaction to salvage some cash from its holdings in both CAI and CS.

16.     After successful completion of CAI's Chapter 11 reorganization proceeding, the management teams of CAI and CS met in Dallas County, Texas, in the fall of 1998 to develop a joint strategy for CAI and CS going forward.  Abruzzese reported that the CAI plan was to take CS through Chapter 11 to clean up its balance sheet for an ultimate merger with CAI.  In order to persuade the CS management team to support both the CS restructuring and CAI merger and continue to work on projects essential to the future success of the combined CAI and CS business, Abbruzzese promised on behalf of both CAI and CS that each of the CS team members – WEBB, DIXON, and two others – would be employed by the merged entity, would receive immediate additional compensation, and would be granted CAI stock options at a low exercise price to replace their CS stock options.  In reliance on these promises, WEBB and DIXON continued to work hard for the joint success of CAI and CS.  The new compensation arrangements were implemented.  WEBB and DIXON were advised that the documents granting the replacement CAI stock options were prepared for all four CS management team

5

members. Documentation ostensibly prepared to accomplish the proposed merger confirmed that DIXON and WEBB would retain management positions in the merged entity.

17.     In the first week of January 1999, WEBB was advised by Abbruzzese and CS investment bankers that MCI Worldcom, Inc. ("Worldcom"), had delivered a take-or-pay proposal to CAI and CS for leasing MMDS licenses. Accordingly, at a meeting of CS bondholders, WEBB advocated the proposed merger of CAI and CS under terms acceptable to Merrill Lynch.

18.     During this time period, representatives and agents of CAI developed plans for the future business of CAI. Along with the Worldcom proposal for a take-or-pay lease, the investment banker for CAI created the structures for and analyzed the feasibility of alternative highly lucrative transactions with Sprint and AT&T.

19.     In mid-January, however, Abbruzzese telephoned to speak with WEBB, who was working at the CS offices in Collin County. In this conversation, Abbruzzese did not advise WEBB about the various business opportunities available to CAI with the three major long-distance carriers that CAI was investigating. Instead, on this telephone call, Abbruzzese informed WEBB that Merrill Lynch had sold its stock in CAI to Sprint for $1.75 per share. Abbruzzese further advised that Sprint would now acquire the remainder of CAI at a similar price, would take over CAI, and would not retain any of CAI or CS management. Furthermore, Sprint would conduct a bankruptcy reorganization of CS that would destroy any value in CS stock options, seriously limit the value of CAI stock options, and reject WEBB's and DIXON's compensation arrangements with both CS and CAI in any event. Abbruzzese stated that he could not do anything to protect his own position but could offer WEBB and DIXON a favorable severance package from CS that would be more valuable than the

**6**

conversion of CS to CAI stock options. Specifically, Abbruzzese stated that CS would immediately pay each of them in cash the remainder of the compensation owed under their existing agreements – over one year's compensation -- and would enter into consulting agreements with payment parameters that would better survive a CS reorganization. Further stating that WEBB and DIXON would have to accept this severance package while he was still able to offer it, Abbruzzese encouraged WEBB and DIXON to act without delay. Abbruzzese's statements persuaded WEBB that the terms of such a severance were in the best interests of WEBB and DIXON.

20.     DIXON was in his CS office in Collin County at this time. WEBB walked to DIXON's office and informed DIXON about the telephone conversation with Abbruzzese. At the request of DIXON, WEBB repeated the representations made by Abbruzzese that Sprint had acquired the Merrill Lynch interest in CAI and that it was necessary for WEBB and DIXON to accept the severance offer made by Abbruzzese.

21.     Contrary to the representations made by Abbruzzese to WEBB and repeated to DIXON by WEBB, the Merrill Lynch interest had not been sold to Sprint, and the positions of Abbruzzese, DIXON, and WEBB were not at risk. Indeed, at a meeting of the CAI Board of Directors on January 18, 1999, the investment banker for CAI described the details of the potential transactions with Worldcom and AT&T that it had designed and truthfully presented those transactions as viable alternatives to any potential transaction with Sprint. The exercise price of CAI stock was set at 87½ cents per share at this time. Contrary to the representations made by Abbruzzese to WEBB and repeated by WEBB to DIXON, therefore, the CAI stock options committed to WEBB and DIXON were highly valuable.

999.00000/169846.01

22.    The very next day, January 19, 1999, moreover, Abbruzzese met with both WEBB and DIXON in Collin County, Texas.  At this time Abbruzzese said absolutely nothing to either WEBB or DIXON to correct their understanding from his earlier representations that Sprint had acquired the Merrill Lynch interest and that it was in the best interests of WEBB and DIXON to act quickly to secure the benefits of the severance package before an imminent takeover by Sprint.  In reliance on his earlier false representations, therefore, WEBB and DIXON agreed to take the separation offer, authorized the preparation of agreements to document the separation offer made by Abbruzzese on behalf of CS, and worked non-stop to complete their pending work assignments and finalize the separation agreements.

23.    The CS Board of Directors met in the CS office in Collin County on February 10, 1999, for the express purpose of ratifying the severance packages with WEBB and DIXON.  Abbruzzese conducted the meeting by telephone, and at least one other CAI officer participated in the meeting.  WEBB attended the meeting at the offices of CS in Collin County. Again, nothing was said by Abbruzzese or any other representative of CAI or CS that would have corrected the understanding of WEBB and DIXON that accepting the separation offer as documented would be in their best interests.  The severance and consulting agreements with WEBB and DIXON were indeed approved by the board, and the board appointed Abbruzzese as acting chief executive officer in place of WEBB.

24.    At no time thereafter did any representative of CAI or CS correct the false representations made by Abbruzzese.  In direct reliance on the false representations made by Abbruzzese and Abbruzzese's active concealment of the truth, DIXON executed his separation and consulting agreements on February 10, 1999, in Collin County, Texas. In direct reliance on the false representations made by Abbruzzese and Abbruzzese's active concealment of the

8

truth, WEBB executed his separation and consulting agreements on February 18, 1999, in Collin County, Texas. Abbruzzese executed all four agreements on behalf of CS.

25.     CS did not file for bankruptcy protection. CAI converted the CS stock options of the two remaining members of the pre-existing CS management team into CAI stock options as promised. Worldcom acquired the interests of Merrill Lynch in CAI and CS and then made continually increasing offers to purchase the remaining CAI stock. Ultimately, in April 1999, Worldcom offered to purchase all the outstanding stock of CAI for $28.00 per share, and did ultimately acquire all the CAI stock by summer 1999.

26.     Despite having been defrauded into relinquishing the concrete opportunity to convert their CS stock options into valuable CAI stock options, WEBB and DIXON fully performed their obligations under their respective consulting agreements. CS, however, has abandoned performance of its obligations under the consulting agreements and has not paid WEBB or DIXON either the incentive fees to which they are entitled under those agreements or their reimbursable expenses.

27.     WEBB and DIXON have satisfied all conditions precedent to their recovery of damages caused by the wrongful actions of CAI and CS.

## CAUSES OF ACTION

### Statutory Fraud

28.     The separation agreements entered into by WEBB and DIXON were transactions involving "stock in a corporation" governed by TEX. BUS. & COMM. CODE § 27.01(a). The false representations described in paragraphs 19-21 above were "made" by Defendants CAI and CS "to" WEBB and DIXON "for the purpose of inducing" WEBB and DIXON to enter into the separation agreements, all within the meaning of TEX. BUS. & COMM. CODE § 27.01(a)(1)(A).

999.00000/169646.01

WEBB and DIXON "relied on" those representations "in entering into" those separation agreements within the meaning of TEX. BUS. & COMM. CODE § 27.01(a)(1)(B). CAI and CS made the "false representations" and promises detailed above "with actual awareness of the falsity thereof" within the meaning of TEX. BUS. & COMM. CODE § 27.01(c). CAI and CS are therefore liable to WEBB and DIXON for "actual damages" pursuant to TEX. BUS. & COMM. CODE § 27.01(b) and for "exemplary damages" pursuant to TEX. BUS. & COMM. CODE § 27.01(c). CAI and CS are also liable to WEBB and DIXON for "reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court" pursuant to TEX. BUS. & COMM. CODE § 27.01(d).

### Common Law Fraud and Fraudulent Concealment

29.     The representations made by Defendants CAI and CS to WEBB and DIXON detailed above were material and false. Knowing that WEBB and DIXON were unaware of the truth, Defendants CAI and CS deliberately and actively concealed the truth from them. Defendants CAI and CS knew that their representations were false when made or asserted those representations without knowledge of their truth and then knowingly concealed the truth from WEBB and DIXON. Defendants CAI and CS made those representations and concealed the truth with the intention that WEBB and DIXON act upon the representations and in ignorance of the truth. WEBB and DIXON did in fact rely on those representations and in ignorance of the truth in entering into the separation agreements. This fraud and active fraudulent concealment has proximately caused direct and consequential financial injury to WEBB and DIXON. This fraud and active fraudulent concealment entitles WEBB and DIXON to recover both these actual damages and exemplary damages from Defendants.

10

## Rescission

30.      Because the false representations by CAI and CS detailed above induced WEBB

and DIXON to execute their respective separation agreements with CS, WEBB and DIXON are

entitled to rescission of the release provisions of those agreements.

## Unlimited Exemplary Damages

31.      Because CAI and CS knowingly and intentionally secured execution of

documents by WEBB and DIXON by deception within the meaning of TEX. PENAL CODE §

32.46, the provisions of TEX. CIV. PRAC. AND REM. CODE § 41.008(b) do not limit the recovery

of exemplary damages by WEBB and DIXON from CAI and CS.

## Negligent Misrepresentation

32.      Defendants CAI and CS supplied the information detailed above to WEBB and

DIXON in connection with a transaction in which each of the Defendants had a pecuniary

interest.  Defendants CAI and CS supplied that information for the guidance of WEBB and

DIXON in their business.  Defendants CAI and CS did not exercise reasonable care in obtaining

or supplying WEBB and DIXON with that false, material information.  As a proximate result of

their justifiable reliance on these negligent misrepresentations, WEBB and DIXON suffered

significant losses.  Defendants' negligent misrepresentations entitle WEBB and DIXON to

recover these damages jointly and severally from Defendants.

## Breaches of Contract

33.      By abandoning performance of its obligations under the consulting agreements

with WEBB and DIXON, CS has committed a breach of those agreements.  WEBB and

DIXON are entitled to recover from CS the damages proximately resulting from this breach of

11

contract by CS. WEBB and DIXON are also entitled to recover reasonable attorneys' fees and expenses incurred to pursue this breach of contract claim.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs David E. Webb and Thomas Dixon demand judgment against each of Defendants CAI Wireless Systems, Inc., and CS Wireless Systems, Inc., in the sum of

(a)    all actual, direct, and consequential damages suffered by each of Plaintiffs as a result of the fraud, negligent misrepresentations, or breaches of contract committed by each Defendant;

(b)    "exemplary damages" and/or punitive damages as determined by the jury in accordance with applicable law;

(c)    reasonable and necessary attorney's fees, expert witness fees, and costs for copies of depositions;

(d)    prejudgment and post-judgment interest calculated in accordance with law;

(e)    recoverable costs of court; and

(f)    such other and further relief to which each Plaintiff may show himself entitled.

Respectfully submitted,

BECK, REDDEN & SECREST
A Registered Limited Liability Partnership

By:
Joe W. Redden, Jr.
State Bar No. 16660600
B.D. Daniel
State Bar. No. 05362200
Felicia Harris Kyle
State Bar No. 24002438
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone:    (713) 951-3700
Telecopier:   (713) 951-3720

ATTORNEYS FOR PLAINTIFFS DAVID
E. WEBB and THOMAS DIXON

# CIVIL DOCKET

| Number Of Case | NAMES OF PARTIES | ATTORNEYS | Kind of Action |
|---|---|---|---|
| 199-02418-01 | DAVID E. WEBB AND THOMAS DIXON | JOE REDDEN, JR. | OTHER CIVIL CASES |
| | | 1221 MCKINNEY STREET | Plaintiff |
| DATE OF FILING | | SUITE 4500 | |
| Month Day Year | | HOUSTON, TX 77010-2010 713-951-3700 F: 713-951-3720 | |
| 11  21  01 | VS. | | |
| Jury Fee: | CAI WIRELESS SYSTEMS, INC. ET AL | JOHN C EICHMAN | Defendant |
| | | 1445 ROSS AVENUE | |
| Paid by: | | SUITE 3200 | |
| | | DALLAS, TX 75202-2711 | |
| DATE OF ORDERS | | | PROCESS |
| Month Day Year | ORDERS OF COURT | | 12-31-01 DEFS' ORIG ANSWER |
| | | | CAI WIRELESS & CS WIRELESS |

STATE OF TEXAS )
COUNTY OF COLLIN )
I, Hannah Kunkle, District Clerk in and for Collin County Texas, do
hereby certify that the above and foregoing is a true and correct copy
of the _____ same appears on file in the
Cause No. _____
District Court, Collin County, Texas. Witness my hand and seal of said
Court this the _____ day of _____ A.D. 20__

HANNAH KUNKLE, DISTRICT CLERK
COLLIN COUNTY, TEXAS

DEPUTY

ExC

NO. 199-0241801

| | | |
|---|---|---|
| DAVID E. WEBB and, | § | IN THE DISTRICT COURT OF |
| THOMAS DIXON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | COLLIN COUNTY, TEXAS |
| v. | § | |
| | § | |
| CAI WIRELESS SYSTEMS, INC., | § | |
| and CS WIRELESS SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | 199th JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

Defendants CAI Wireless Systems, Inc. and CS Wireless Systems, Inc. (collectively, "Defendants"), file this Original Answer, as follows:

### Discovery

Defendants state that discovery should be conducted under a Level 3 order entered by the Court pursuant to TEX. R. CIV. P. 190.4.

### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny generally all allegations in Plaintiffs' Original Petition (the "Petition") and demand strict proof of those allegations by a preponderance of the evidence, or such other burden of proof as is required by law.

### Affirmative Defenses

1.  Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

2.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

3.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

4.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

Ex D

5.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

6.     Plaintiffs' claims are barred, in whole or in part, because the claims have been released.

7.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have ratified the alleged conduct about which they complain.

WHEREFORE, Defendants CAI Wireless Systems, Inc. and CS Wireless Systems, Inc. respectfully pray that Plaintiffs recover nothing by their action, that Defendants recover their attorneys' fees, expenses and costs, and for such other and further relief to which they may be entitled.

Respectfully submitted,

JENKENS & GILCHRIST,
*A Professional Corporation*

John C. Eichman
State Bar No. 06494800
Ellen B. Sessions
State Bar No. 00796282
Maryann Landrigan
State Bar No. 24026978

1445 Ross Avenue, Suite 3200
Dallas, Texas 75202-2799
Telephone: (214) 855-4500
Telecopy:  (214) 855-4300

ATTORNEYS FOR DEFENDANTS
CAI WIRELESS SYSTEMS, INC. AND
CS WIRELESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing answer is being sent by facsimile on this __28th__ day of December, 2001, to:

Joe W. Redden, Jr.
Beck, Redden & Secrest, LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:** CAI WIRELESS SYSTEMS, INC. BY SERVING SECRETARY OF STATE OF TEXAS
TO BE FORWARDED TO CAI WIRELESS SYSTEMS AT 18 CORPORATE WOODS BLVD
ALBANY, NY 12211

____ORIGINAL

Defendant, Greetings:

You are hereby commanded to appear by filing a written answer to Plaintiff's ____ ORIGINAL Petition at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court 199 th Judicial District of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by JOE REDDEN, JR. (attorney for Plaintiff or Plaintiff), whose

address is 1221 MCKINNEY STREET, HOUSTON, TX 77010 2010

on the 21ST day of NOVEMBER A.D. 2001 , in this case, numbered 199-02418-01 on the docket of said court, and styled,

**VS.**

CAI WIRELESS SYSTEMS, INC. ET AL

DAVID E. WEBB AND THOMAS DIXON

Plaintiff

(713)951-3700

for Plaintiff

Defendant

The natures of Plaintiff's demand is fully shown by a true and correct copy of Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at McKinney, Texas, this 27TH day of NOVEMBER A.D. 2001.

Attest:

HANNAH KUNKLE
CLERK, DISTRICT COURTS
COLLIN COUNTY, TEXAS

[signature]

_____, Deputy

**.RK OF THE COURT**
**DISTRICT CLERK**
**P.O. BOX 578**
**COLLIN COUNTY COURTHOUSE**
**McKINNEY, TEXAS 75069**

(SEAL)

Rule 106:' - the citation shall be served by the officer delivering to each defendant, in person, a true copy of the Citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto.'

199-02418-01

185 - K8 - DC

---

Citation for Personal Service/DP/1992

FILE NO. 199-02418-01

# CITATION
## FOR PERSONAL SERVICE
### (District Court)

**IN THE 199 DISTRICT COURT COLLIN COUNTY TEXAS**

DAVID E. WEBB AND THOMAS DIXON

**VS.**

CAI WIRELESS SYSTEMS, INC. ET AL.

**ISSUED THIS 27TH DAY OF NOVEMBER, 2001**

HANNAH KUNKLE

BY: MONETTE McCOLLOM _____ Deputy

**SERVICE FILED**

**FILED**
01 DEC 17 AM 9:24

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY TEXAS
[signature]
DEPUTY

The law prohibits the Judges and the clerks from giving legal advice so, PLEASE DO NOT SEEK SUCH ADVICE. ANY QUESTIONS YOU HAVE SHOULD BE DIRECTED TO AN ATTORNEY.

Ex E

## OFFICERS RETURN OF SERVICE

COUNTY: COLLIN                    CASE # 1990241801              COURT 199

Clt. Ref.#                                         Clt.#    2601

DAVID E. WEBB AND THOMAS DIXSON

VS

C A I WIRELESS SYSTEMS, INC. ET AL

The documents came to our hand for service on 12/05/01  Time: 09:46:00

Documents received for service:

CITATION & PLAINTIFF'S ORIGINAL PETITION

The documents were delivered on 12/05/01  Time: 10:00:00

Executed at: 1019 Brazos Second Floor
             Austin, TX 78701

to the following: CAI Wireless Systems, Inc.
                  By Delivering To The Texas Secretary Of State
                  By Delivering To Helen Lupercio, Registered Agent

_____✓_____ PERSONALLY delivering the document(s) to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____ in person
              who is sixteen (16) years of age or older, at the above listed address which is the
              usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.


### AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have never been convicted of a felony or misdemeanor involving moral turpitude
in any state of federal jurisdicion and I have studied and am familiar with the Texas RULES
OF CIVIL PROCEDURE, VERNON'S TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee:_____          Steve W Broussard
                                     Professional Civil Process Austin
Witness Fee Tendered:_____          P.O. Box 342467
                                     Austin, Texas 78734-0042
STATE OF TEXAS)                      (512) 477-3500

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this ____ day of _____ 2001.

PCP Inv.# A1201 178                          NOTARY PUBLIC SIGNATURE

JACLINN GAYE MCDOWELL
NOTARY PUBLIC
State of Texas
Comm. Exp. 01-23-2002

# THE STATE OF TEXAS

FILE NO. 199-02418-01

## CITATION
## FOR PERSONAL SERVICE
(District Court)

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: CS WIRELESS SYSTEMS, INC. 1101 SUMMIT AVE., PLANO, TEXAS BUT MAY BE SERVED BY SERVING ITS REGISTERED AGENT: NATIONAL REGISTERED AGENTS INC 800 CONGRESS AVE., AUSTIN, TX 78701

ORIGINAL

You are hereby commanded to appear by filing a written answer to Plaintiff's
(address is 1221 MCKINNEY STREET, HOUSTON, TX 77010 2010
(attorney for Plaintiff or Plaintiff), whose
Petition at or before ten o'clock A.M. on the
Monday next after the expiration of twenty days after the date of service of this
citation before the Honorable District Court 199 th Judicial District of Collin
County, Texas at the courthouse of said County in McKinney, Texas.

Plaintiff's Petition was filed in said court, by JOE REDDEN, JR.

the docket of said court, and styled,

the 21ST day of NOVEMBER                A.D. 2001 , in this case, numbered 199-02418-01

DAVID E. WEBB AND THOMAS DIXON

                                                                Plaintiff

VS.

CAI WIRELESS SYSTEMS, INC. ET AL.

                                                                Defendant

(713)951-3700

The natures of Plaintiff's demand is fully shown by a true and correct copy of
Plaintiff's ORIGINAL                                    Petition accompanying this citation
made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements
of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at McKinney, Texas, this 27TH
of NOVEMBER              A.D. 2001 .

Clerk OF THE COURT                                Attest:     HANNAH KUNKLE
DISTRICT CLERK                                                CLERK, DISTRICT COURTS
COLLIN COUNTY COURTHOUSE                                      COLLIN COUNTY, TEXAS
P.O. BOX 578
McKINNEY, TEXAS 75069

BY: _____ ,Deputy

Rule 106: ' - the citation shall be served by the officer delivering to each defendant, in
person, a true copy of the citation with the date of delivery endorsed thereon and
with a copy of the petition attached to it.

---

IN THE 199   DISTRICT COURT
COLLIN COUNTY TEXAS

DAVID E. WEBB AND THOMAS DIXON

VS.

CAI WIRELESS SYSTEMS, INC. ET
AL

ISSUED THIS
27TH DAY OF NOVEMBER , 2001

HANNAH KUNKLE

By: MONETTE MCCOLLOM                  Deputy

SERVICE FILED

The law prohibits the Judge and
the clerks from giving legal
advice so, PLEASE DO NOT SEEK
SUCH ADVICE.
ANY QUESTIONS YOU HAVE SHOULD BE
DIRECTED TO AN ATTORNEY.

# SHERIFF'S RETURN

Came to hand on the _7_ day of _Dec_ , 20_01_, at _930_ o'clock _A_ M., and executed in _Kerr_ County, Texas, by delivering to the within named Respondent/Defendant, to-wit:

_ES Wireless System Inc._ , at _1050_ o'clock _A_ M., _7 Dec_ , 20 _01_ ;

_Registered Agents_ , at _____ o'clock ____M., _____, 20 ___ ;

_Lech Bellamy_ , at _____ o'clock ____M., _____, 20___ ;

_____ , at _____ o'clock ____M., _____, 20___ ;

_____ , at _____ o'clock ____M., _____, 20___ ;

each, in person, a true copy of this instrument with a true and correct copy of the document attached thereto having first endorsed on such copy of said instrument the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

For service..................$ _____

For mileage.................$ _____

Total Fees.................$ _____

To certify which witness my hand officially.

_Santiago B Gutierrez_

Sheriff/Constable of _Kerr_ County, Texas

By_____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to_____

_____ on the _____ day of _____, 20_____,

at _____ o'clock ____M., a copy of this instrument.

_____ Sheriff/Constable

_____ County, Texas

By_____, Deputy

### VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, this _____day of _____, 20_____.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DAVID E. WEBB and             §
THOMAS DIXON                  §
                              §
        Plaintiffs,           §
                              §
v.                            §
                              §   CIVIL ACTION NO. _____
CAI WIRELESS SYSTEMS, INC., and   §
CS WIRELESS SYSTEMS, INC.,     §
                              §
        Defendants.           §

## LIST OF ALL ATTORNEYS PURSUANT TO LOCAL RULE CV-81(c)(3)

Below is a list of the attorneys in this matter and the parties they represent:


Attorneys for Plaintiffs, David E. Webb and Thomas Dixon

        Joe W. Redden, Jr.
        Texas State Bar No. 16660600
        B.D. Daniel
        Texas State Bar No. 05362200
        Felicia Harris Kyle
        Texas State Bar No. 24002438
        Beck, Redden & Secrest
        *A Registered Limited Liability Partnership*
        1221 McKinney Street, Suite 4500
        Houston, Texas 77010-2010
        Telephone:    713-951-3700
        Facsimile:    713-951-3720

Ex F

Attorneys for Defendants, CAI Wireless Systems, Inc. and CS Wireless Systems, Inc.

John C. Eichman
Texas State Bar No. 06494800
Ellen B. Sessions
Texas State Bar No. 00796282
Maryann Landrigan
Texas State Bar No. 24026978
Jenkens & Gilchrist, *A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas  75202
Telephone:   (214) 855-4500
Facsimile:    (214) 855-4300

Respectfully submitted,

John C. Eichman
State Bar No. 06494800
Ellen B. Sessions
State Bar No. 00796282
Maryann Landrigan
State Bar No. 24026978

**JENKENS & GILCHRIST**
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, TX   75202
214/855-4500
214/855-4300 FAX

ATTORNEYS FOR DEFENDANTS
CAI WIRELESS SYSTEMS, INC. and
CS WIRELESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiffs' counsel of record via certified mail, return receipt requested, on this 3rd day of January 2002, as follows:

Joe W. Redden, Jr.
Beck, Redden & Secrest
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010

John C Guckimo

<ins>LIST OF ALL ATTORNEYS PURSUANT TO LOCAL RULE CV-81(C)(3)</ins> - **Page 3**
DALLAS3 752902v1 46943-00135
DALLAS3 752902v1 46943-00135

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DAVID E. WEBB and       §
THOMAS DIXON            §
                                §
      Plaintiffs,           §
                                §
v.                            §
                                §   CIVIL ACTION NO. _____
CAI WIRELESS SYSTEMS, INC., and  §
CS WIRELESS SYSTEMS, INC.,    §
                                §
      Defendants.       §

## LIST OF PARTIES HAVING REQUESTED A
## JURY PURSUANT TO LOCAL RULE CV-81(c)(4)

No parties have presently requested a jury.

Respectfully submitted,

*[signature]*

John C. Eichman
State Bar No. 06494800
Ellen B. Sessions
State Bar No. 00796282
Maryann Landrigan
State Bar No. 24026978

**JENKENS & GILCHRIST**
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, TX  75202
214/855-4500
214/855-4300 FAX

ATTORNEYS FOR DEFENDANTS
CAI WIRELESS SYSTEMS, INC. and
CS WIRELESS SYSTEMS, INC.

Ex G

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiffs' counsel of record via certified mail, return receipt requested, on this 3rd day of January 2002, as follows:

Joe W. Redden, Jr.
Beck, Redden & Secrest
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. WEBB and THOMAS DIXON | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| CAI WIRELESS SYSTEMS, INC., and CS WIRELESS SYSTEMS, INC., | § § § | |
| Defendants. | § § | |

## NAME AND ADDRESS OF STATE COURT
## PURSUANT TO LOCAL RULE CV-81(c)(5)

Pursuant to Local Rule 81(c)(5), below is the name and address of the court from which this case is being removed:

NAME:

The District Court of Collin County, Texas, 199th Judicial District

ADDRESS:

434 Courthouse
Collin County Courthouse
210 S. McDonald Street
McKinney, Texas 75069

Ex H

Respectfully submitted,

*[signature: John C. Eichman]*

John C. Eichman
State Bar No. 06494800
Ellen B. Sessions
State Bar No. 00796282
Maryann Landrigan
State Bar No. 24026978

**JENKENS & GILCHRIST**
*A Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, TX   75202
214/855-4500
214/855-4300 FAX

ATTORNEYS FOR DEFENDANTS
CAI WIRELESS SYSTEMS, INC. and
CS WIRELESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiffs' counsel of record via certified mail, return receipt requested, on this 3rd day of January 2002, as follows:

Joe W. Redden, Jr.
Beck, Redden & Secrest
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010

*[signature: John C. Eichman]*